**In re KENNARD–PYLE COMPANY, INC., Debtor.**

**Bankruptcy No. 83–92.**

United States Bankruptcy Court, D. Delaware.

Aug. 16, 1983.

ORDER DENYING MOTION
TO DISMISS

HELEN S. BALICK, Bankruptcy Judge.

Kennard-Pyle Company, Inc. filed for reorganization under Chapter 11 of the Bankruptcy Code on March 14, 1983. Wilmington Trust Company filed a motion to dismiss the case on the ground that the District Court of Delaware and its adjunct bankruptcy court does not have any jurisdiction over bankruptcy proceedings filed subsequent to December 25, 1982.

The Third Circuit Court of Appeals ruled on this question in *Coastal Steel Corporation v. Tilghman Wheelabrator, Ltd. and Wheelabrator-Frye, Inc.,* 709 F.2d 190 (3d Cir.1983). In deciding it had the jurisdiction to review the appealed orders under specific statutory provisions defining its reviewing authority, the Court had to consider in light of the *Northern Pipeline* case whether there was subject matter jurisdiction over the dispute in any federal court. At page 200 of its Opinion, the Court stated its holding was "necessarily predicated on the tacit assumption that despite *Northern Pipeline* the grant of district court subject matter jurisdiction in section 1471(b) survives" and the New Jersey local rule providing the manner for the continued exercise of that jurisdiction is consistent with the Code and the *Northern Pipeline* decision.

Thus, the District Court of Delaware and this court through Revised Rule No. 1, dated December 23, 1982, which provides for referral of bankruptcy cases has jurisdiction over the Chapter 11 proceeding of Kennard-Pyle Company, Inc.; and

IT IS ORDERED that Wilmington Trust Company's motion to dismiss the Chapter 11 proceeding of Kennard-Pyle Company, Inc. is DENIED.